IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARIA DURAN, and JENNIFER CROUSE,

Plaintiffs,

vs.

WEST MAPLE DENTAL SPECIALISTS, PC, and LOURDES SECOLA,

Defendants.

8:20CV428

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff/counterclaim defendant Maria Duran's motion to dismiss the defendants'/counterclaimants' counterclaims, Filing No. 12. This is an action for damages and declaratory relief brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the Families First Coronavirus Response Act-Emergency Paid Sick Leave Act, 29 U.S.C. § 2601.

I.  BACKGROUND

The plaintiffs allege that defendants, West Maple Dental Specialists, P.C. and Lourdes Secola (collectively, "West Maple" or defendant), failed to provide paid sick time and unlawfully terminated their employment. As an affirmative defense and counterclaim, West Maple alleges that defendant Maria Duran impermissibly increased her hourly wage, modified her hours worked, and retained a monthly bonus meant to compensate her for additional responsibilities in lieu of a wage increase. Filing No. 10, Answer at 8-9. West Maple seek damages against Duran in the amount of $5,000. *Id.*

Plaintiff Duran moves to dismiss the defendant's counterclaims. She argues that this Court lacks subject matter jurisdiction over West Maple's counterclaims and alternatively contends that the defendants' allegations are subject to dismissal under

1

Federal Rules of Civil Procedure 12(b)(6) for failure to state claims for relief and under Federal Rule of Civil Procedure 9(b) for lack of particularity. Plaintiff Duran characterizes West Maple's counterclaims as state-law claims for fraud and/or unjust enrichment. She asserts that the counterclaims are subject to dismissal for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. She argues the assertion of state-law claims is impermissible in an FLSA proceeding because it violates the public policies behind the FLSA. She contends the defendants' purported claims do not satisfy the test for compulsory counterclaims, nor do the claims arise from the same nucleus of operative fact as her FLSA claim.

West Maple has not responded to Duran's motion, but states in the parties' joint Rule 26(f) planning report that the counterclaims arise from the plaintiffs' employment and are permissible under the Federal Rules. Filing No. 18.

II.  LAW

Jurisdiction is a threshold issue for this Court. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-96 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006). Federal Rule of Civil Procedure 12(b)(1) provides that dismissal of an action is appropriate if the court does not have subject matter jurisdiction over a claim. *Myers v. Richland Cty.*, 429 F.3d 740, 745 (8th Cir. 2005). "Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. United States Postal Serv.*, 45 F.3d 797, 799 (8th Cir. 2006). Federal courts are courts of limited jurisdiction and cannot hear a claim unless specifically authorized by the Constitution or a federal statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2002). When reviewing a motion to dismiss a complaint on its face pursuant to Rule 12(b)(1), a district court must accept all well-pled

2

factual allegations in the complaint as true, draw all inferences in favor of the non-moving party, and dismiss the action only if the complaint fails to allege a necessary element for subject matter jurisdiction. *Young America Corp. v. Affiliated Computer Services, Inc.*, 424 F.3d 840, 843-44 (8th Cir. 2005). The party invoking federal jurisdiction carries the burden of proof on that issue. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

A Court's original jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367(a) (supplemental jurisdiction) permits the exercise of supplemental jurisdiction over claims "so related to" the claim invoking original jurisdiction that the claims "form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims arise from the same case or controversy where they "derive from a common nucleus of operative fact." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011). "A plaintiff's claims derive from a common nucleus of operative fact if the 'claims are such that he would ordinarily be expected to try them all in one judicial proceeding.'" *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Once original jurisdiction exists, supplemental jurisdiction over all related claims is mandatory, absent certain statutory exceptions. *ABF Freight Sys.,* 645 F.3d at 63-64. A compulsory counterclaim allows the Court to exercise jurisdiction even if such claims could not have been brought independently in federal court. *Tullos v. Parks*, 915 F.2d 1192, 1195 (8th Cir. 1990). Supplemental jurisdiction automatically extends to

3

compulsory counterclaims. *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 594 (8th Cir. 2001).

The Eighth Circuit has articulated four tests to determine whether a claim and counterclaim arises out of the same transaction or occurrence within the meaning of the compulsory counterclaim rule" *Cochrane v. Iowa Beef Processors, Inc.*, 596 F.2d 254, 264 (8th Cir.1979). Those are: (1) whether the issues of fact and law raised by the claim and counterclaim largely the same, (2) whether *res judicata* would bar a subsequent suit on the counterclaim, (3) whether substantially the same evidence supports or refutes the claim, and (4) whether there is any logical relation exist between the claim and counterclaim. *Id.*; *see also Tullos v. Parks*, 915 F.2d 1192, 1194 (8th Cir. 1990).

"[A]ny claim that is not compulsory" is permissive. Fed. R. Civ. P. 13(b). A permissive counterclaim requires "a basis of jurisdiction independent from that supporting the main claim." *Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7 of Jefferson Cty.*, 747 F.2d 1195, 1197 (8th Cir. 1984). District Courts may decline to exercise supplemental jurisdiction over a claim that is part of the same case or controversy as the original claim if: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1)-(4).

It is well recognized that courts are "hesitant to allow employers to assert state-law counterclaims against employees in FLSA cases." *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1273 (11th Cir. 2016); *see also Martin v. PepsiAmericas, Inc.*, 628 F.3d 738,

4

743 (5th Cir. 2010); *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983); *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), abrogated on other grounds by *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 134 (1988). Set-off counterclaims or defenses are typically inappropriate in FLSA cases. *Brennan*, 491 F.2d at 4. The Fifth Circuit explains:

> The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions, whether the suit is initiated by individual employees or by the Secretary of Labor.

*Id.*; see also *Donovan*, 717 F.2d at 1323 (holding that employer could not set-off its employee's FLSA recovery through a counterclaim, though it could sue the employee in state court, because the counterclaim would delay and interfere with process of bringing employer into compliance with FLSA); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010) (holding employer's contract and fraud counterclaims against employee could not be addressed in FLSA action); *Martin,* 628 F.3d at 741 (stating that the Fifth Circuit continues to look with disfavor on set-offs). A narrow exception to this rule allows set-off counterclaims or defenses in FLSA cases where it is alleged that the set-off constitutes overpayment or pre-payment of wages to the plaintiff-employee. *See, e.g., Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003) (allowing employer to set-off certain wage overpayments against employees' overall damages award where offset undisputedly did not cause wages to fall below statutory minimum); *Gagnon,* 607 F.3d at

5

742 (clarifying that that *Brennan v. Heard's* longstanding prohibition of set-offs in FLSA cases is the rule and *Singer* an exception—"it was the unique character of the set-offs in *Singer*—that they represented overtime obligations already fulfilled—that allowed for a narrow exception to the bright-line rule"); *Kolheim v. Glynn Cty.*, 915 F.2d 1473, 1481 (11th Cir. 1990) (allowing a set-off defense or counterclaim in an FLSA case where the defendant asserted an overpayment of wages or benefits).

III. DISCUSSION

The Court finds that plaintiff Duran's motion to dismiss the defendants' counterclaims should be granted. The defendants' counterclaims for unjust enrichment and fraud do not qualify as compulsory counterclaims. The counterclaims do not share a common nucleus of operative fact, so as to be part of the same case or controversy as the FLSA minimum and overtime wage claim. The counterclaims do not pertain to issues of employee classification or to whether the plaintiffs were entitled to minimum and/or overtime payments. West Maple has not alleged anything remotely like an overpayment or pre-payment of wages, so as to amount to a permissible setoff. The counterclaims are based exclusively on plaintiff Duran's alleged fraudulent conduct and are not related to the defendants' obligations under the FLSA. The evidence needed to prove the counterclaims would be different than the evidence necessary to prove the wage and hour claims. The only nexus between the FLSA claims and West Maple's counterclaims is the employment relationship and the Court finds that is not sufficient for a compulsory counterclaim or supplemental jurisdiction.

Moreover, even if supplemental jurisdiction did exist, the Court would decline to exercise jurisdiction based on the hesitancy to permit an employer to file counterclaims

in FLSA suits for money the employer claims an employee owes it, or for damages the employee's tortious conduct allegedly caused. *See, e.g., Martin*, 628 F.3d at 740.

Although the defense of set-off is not barred in all FLSA cases, the present case is closer to the line of cases originating with *Brennan* where any set-off applied to a recovery for unpaid overtime wages would result in a plaintiff failing to receive his "cash in hand." *Brennan*, 491 F.2d at 4. Unlike the exception identified in *Singer*, the counterclaims and any resultant set-off would not be for any overpayment of wages by the defendants to Duran, but to damages allegedly caused by Duran's alleged fraud. West Maple's counterclaims are the type of claims that would "clutter the[ ] proceedings with the minutiae of other employer-employee relationships [that] would be antithetical to the purpose of the Act." *Brennan*, 491 F.2d at 4 (emphasis added); *see also Martin*, 628 F.3d 738, 742 (5th Cir. 2010) ("We continue to look with disfavor on set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff employee."); *Matthews v. Applied Concepts Unleashed, Inc.*, 2012 WL 3150265, at *2 (S.D. Fla. Aug. 1, 2012) ("The requested set offs would force the Court to address the factual circumstances of numerous other claims unrelated to whether Plaintiff was adequately compensated according to minimum wage and overtime standards."); *Rodriguez v. Horizontal Rentals, Inc.*, No. 5:18-CV-7-OLG, 2018 WL 7348031 (W.D. Tex. May 9, 2018) ("The damages alleged in connection with these claims bear no relationship to the hours worked, Plaintiff's status as an exempt or non-exempt employee, or any overtime premium owed"); *Lou v. Ma Labs.*, No. C 12–05409 WHA, 2013 WL 3989425, at *2 (N.D. Cal. Aug. 2, 2013) (finding that breach of contract and conversion counterclaims did not rest on the same operative facts as plaintiff's FLSA claim, and thus

7

counterclaims were not compulsory); *Mendoza v. A & A Landscape & Irrigation, LP.*, No. 4:12–CV–562, 2012 WL 7005259 at * 2 (E.D. Tex. Dec. 5, 2012) (finding that defendant's counterclaims for conversion and theft were not compulsory in FLSA action); *Cortes v. Distribuidora Monterrey Corp.*, No. 3:08–CV–1077–M, 2008 WL 5203719 at * 1–2 (N.D. Tex. Dec. 11, 2008) (holding that defendants counterclaims for conversion, theft and breach of contract were not compulsory since they would require entirely different evidence than plaintiff's FLSA claim).  Accordingly,

IT IS ORDERED:

1.  Plaintiff's motion to dismiss the defendant's counterclaims (Filing No. 12) is granted.

2.  Defendant's counterclaims are hereby dismissed.

Dated this 27th day of April 2021.

                          BY THE COURT:

                          s/ Joseph F. Bataillon
                          Senior United States District Judge